# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jason Ryan Williams,

             Petitioner,

v.                                                          **Case No. 16-cv-3868 (DWF/SER)**

Warden Eddie Miles,

                                                            **REPORT AND RECOMMENDATION**

             Respondent.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Jason Ryan Williams's ("Williams") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Doc. No. 1] and Williams's Motion to Dismiss [Doc. No. 17]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends the Petition be denied, Williams's Motion to Dismiss be denied, and this case be dismissed.

## I.      BACKGROUND

### A.      Background in State Court

On October 12, 1992, Williams killed a woman and her three-year-old daughter, and attempted to kill the woman's four-year-old son. *State v. Williams*, 535 N.W.2d 277, 279 (Minn. 1995) [hereinafter *Williams I*]. At that time, Williams was sixteen years old. *Id.* Williams was prosecuted as an adult and convicted of "two counts of first-degree murder, two alternate counts of first-degree murder, two alternate counts of first-degree attempted murder, and one count of first-degree burglary." *Id.*

> The district court imposed a mandatory sentence of life imprisonment with the possibility of release for each first-degree murder conviction, a sentence of 240 months' imprisonment for the attempted murder conviction, and a sentence of 18

> months' imprisonment for the burglary conviction. The district court ordered each sentence to be served consecutively, resulting in an aggregate sentence of at least 74 years in prison.

*State v. Williams*, 862 N.W.2d 701, 702 (Minn. 2015) [hereinafter *Williams II*]. Williams appealed his conviction "arguing that the district court prejudicially erred by admitting evidence of his confession." *Id.* (citing *Williams I*, 535 N.W.2d at 279). The Minnesota Supreme Court affirmed his convictions. *Id.*

On May 14, 2014, Williams moved the state postconviction court to correct his sentence in light of *Miller v. Alabama*, 567 U.S. 460 (2012). *Williams III*, 862 N.W.2d at 702–03. In *Miller,* the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. The U.S. Supreme Court conceded that such a sentence maybe appropriate for a juvenile in some homicide cases, but the sentence cannot be imposed under a mandatory scheme. *Id.*

> Williams argued that the rule announced in *Miller* should apply both to statutory provisions that mandate the imposition of life imprisonment **with** the possibility of release and to the imposition of consecutive sentences that are the functional equivalent of life imprisonment without the possibility of release. The postconviction court denied Williams's motion.

*Williams II*, 862 N.W.2d at 703. Williams appealed to the Minnesota Supreme Court, which affirmed the postconviction court. *Id.* at 703–04. Specifically, the Minnesota Supreme Court held that *Miller* did not apply to his sentence for two reasons. First, the Minnesota Supreme Court stated that, consistent with its prior rulings, mandatory sentences of life imprisonment with the possibility of release after thirty years "is 'not tantamount to a death sentence'" for a juvenile offender, and therefore "'does not constitute cruel and unusual punishment under the Eighth Amendment and the principles of *Miller*.'" *Id.* at 703 (quoting *State v. Vang*, 847 N.W.2d 248,

2

262–63 (Minn. 2014)). Second, the Minnesota Supreme Court found that *Miller* did not apply to Williams's consecutive sentences because whether to impose consecutive or concurrent sentences is within the discretion of the district court. *Id.* (citing Minn. Stat. § 609.15, subdiv. 1(a); *State v. Warren*, 592 N.W.2d 440, 451 (Minn. 1999)).

### B.     Background in Federal Court

Prior to the instant Petition, Williams initiated habeas proceedings in this Court. *See Williams v. Hammer*, No. 15-cv-2707 (DWF/SER), 2015 WL 4569326 (D. Minn. July 27, 2015) [hereinafter *Williams III*] (Frank, J., adopting the report and recommendation of Rau, Mag. J.). This Court recommended denying Williams's petition as untimely. *Id.* at *2. Specifically, this Court found that the decision in *Miller* did not re-open the one-year statute of limitations as described in 28 U.S.C. § 2244(d)(1)(C) because at the time, Eighth Circuit precedent held that *Miller* was not retroactive.[1] *Id.* (citing *Martin v. Symmes*, 782 F.3d 939, 943 (8th Cir. 2015)). This Court went on to say that, "[e]ven if *Miller* did apply retroactively, . . . Williams's habeas petition would still be untimely." *Id.* at *3 (footnote omitted). This was true because if *Miller* was retroactive, the new, one-year period that opened through the decision in *Miller* began running on June 25, 2012, the day *Miller* was decided, and expired on June 25, 2013, one year later. *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(C). Because Williams did not initiate his petition in state court until after the one-year period expired, "his one-year limitations period for bringing a federal habeas petition had already expired." *Williams III*, 2015 WL 4569326, at *3. This Court recommended that no certificate of appealability be granted. *Id.*

---

[1]     This provision states that a one-year period of limitation runs from the latest of several dates, including "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

The Honorable Donovan W. Frank affirmed this Court's Report and Recommendation, and subsequently denied Williams's motion for a certificate of appealability. *Id.* at \*1; *see also* Order Dated Aug. 27, 2015, *Williams III*, No. 15-cv-2707 (DWF/SER) [Doc. No. 15]. Judge Frank conceded that at that time, the question of whether *Miller* applied retroactively to Williams's conviction on collateral view was "debatable among reasonable jurists and is therefore ordinarily a question for which a certificate of appealability may be issued." Order Dated Aug. 27, 2015, *Williams III*, No. 15-cv-2707 (DWF/SER) [Doc. No. 15 at 1–2]. But Judge Frank held that the fact that Williams's petition was untimely—even if *Miller* applied retroactively—was "not a close call" and "[t]here [was] no arguable basis from which Williams's habeas petition could be found to have been timely." *Id.* at 2.

On January 25, 2016, the U.S. Supreme Court held that "*Miller* announced a substantive rule that is retroactive in cases on collateral review," abrogating the Eighth Circuit's determination to the contrary. *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016); *cf. Martin*, 782 F.3d at 943. In April 2016, the Eighth Circuit denied Williams's application for a certificate of appealability related to his previous federal habeas case as well as his request for an en banc hearing. J., *Williams v. Hammer*, No. 15-2919 (8th Cir.) [Entry ID 4384173]. In May 2016, it denied Williams's petitions for rehearing en banc and rehearing by the panel. Order, *Williams v. Hammer*, No. 15-2919 (8th Cir.) [Entry ID 4397498].

## C.   Current Habeas Petition

Williams filed his Petition on November 10, 2016. (Pet.). He argues that the *Miller* framework should apply to him because the decision is retroactive and his seventy-four-year sentence, which exceeds his life expectancy, "amounts to a de facto life sentence in violation" of

the Eighth Amendment's prohibition against cruel and unusual punishment.[2] (Pet. at 5–9). Williams argues that *Montgomery* re-started his one-year time period to file a petition under 28 U.S.C. § 2244(d)(1)(C). (Mem. of Law in Supp. of Pet.) [Doc. No. 3 at 1].

When the State failed to respond to the Petition as ordered, this Court issued an Order to Show Cause [Doc. No. 9]. The Order to Show Cause directed the State to respond to the Petition within seven days of the Order. The State responded on January 17, 2017. (Letter Resp. to Order to Show Cause) [Doc. No. 10]; (State's Answer to Pet.) [Doc. No. 11]; (State's Mem.) [Doc. No. 12]. The State said that its failure to respond to the Petition "was the product of inadvertent error." (Letter Resp. to Order to Show Cause). Substantively, the State argues Williams's Petition is untimely and the Minnesota Supreme Court's decision was not an unreasonable application of U.S. Supreme Court precedent. (State's Mem. at 9–16).

Williams argues that the State's inadvertent error in failing to respond to the Petition does not constitute good cause under Rule 4(m) of the Federal Rules of Civil Procedure. (Mot. to Dismiss at 2). He asks the Court to "Dismiss" the State's response for failing to respond within the Court's initial deadline and grant his Petition. (*Id.*).

The Court first addresses Williams's Motion to Dismiss, then addresses Williams's Petition.

## II.    DISCUSSION

### A.    Motion to Dismiss

The Court recommends that Williams's Motion to Dismiss be denied. The Court has inherent authority to set the deadline for the State to respond and provide extensions as

---

[2]    In his Petition, Williams purports to identify three separate grounds for relief but when read together, these arguments present one question: whether Williams's consecutive sentences violate *Miller*.

necessary. Rule 4, Rules Governing § 2254 Cases. Through its Order to Show Cause, the Court

provided such an extension. Further, to the extent Williams argues that his Petition should be

granted **because** the State's Response is untimely, he is essentially seeking a default judgment.

*See* Fed. R. Civ. P. 55(b). Judgment on a case's merits is preferable to default, and therefore, the

Court recommends that Williams's Motion to Dismiss be denied. *See Nicolaison v. Ludeman*,

No. 07-cv-3224 (RHK/JJG), 2008 WL 508549, at *9 (D. Minn. Feb. 21, 2008) (Graham, Mag. J,

as adopted by Kyle, J.) (citing *In re Jones Truck Lines*, 63 F.3d 685, 688 (8th Cir. 1995)).

### B.     Williams's Petition

The instant Petition is Williams's second federal habeas petition. Second or successive

petitions must be dismissed unless certain conditions are met. 28 U.S.C. § 2244(b). Although

neither party raises this issue, the Court addresses it because it affects whether the Court has

jurisdiction to decide Williams's Petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007)

(stating that a district court lacks jurisdiction to consider a second or successive petition that is

not authorized by the court of appeals); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action.").

This Court dismissed Williams's previous federal habeas petition because it was

untimely. *Williams III*, 2015 WL 4569326, at *2–3. This Court held that the previous petition

was untimely both under Eighth Circuit law at the time, as well as under any future Supreme

Court case that may hold that *Miller* applies retroactively. *Id.* In light of the holding in

*Montgomery* that *Miller* applies retroactively, this Court considers only the alternative holding

that Williams's previous federal habeas petition was untimely even if *Miller* was retroactive for

the purposes of determining whether Williams's instant federal habeas Petition is considered "second or successive."

This Court dismissed Williams's previous federal habeas petition without prejudice. *Id.* at 3. Typically, when a petition is dismissed without prejudice, it is not dismissed on its merits, and the petitioner may bring subsequent federal habeas petition that is not barred under § 2244. This scenario most often arises when a petitioner's first petition is dismissed for failure to exhaust his claims in state court, and the petitioner files a subsequent petition after he has met the exhaustion requirement of § 2254(b). *See Rose v. Lundy*, 455 U.S. 509, 520 (1982). But when a petition is dismissed as untimely, it is considered dismissed on its merits. *Diaz-Diaz v. United States*, 297 F. App'x 574, 575 (8th Cir. 2008) (unpublished) (per curiam) (citing *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003); *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002), *abrogated on other rounds by Skinner v. Switzer*, 562 U.S. 521 (2011));[3] *see also Harris v. Warden*, —F. App'x—, 2017 WL 2130100 (11th Cir. May 16, 2017) (per curiam); *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam). Despite the fact that this Court said its dismissal was without prejudice, the Court must consider the context of the dismissal in order to determine whether it is considered "second or successive" under § 2244. Thus, because Williams's previous federal habeas petition was dismissed as untimely, which is a decision on its mertis, Williams's instant Petition is considered "second or successive." *See* 28 U.SC. § 2244(b).

---

[3]    Although *Diaz-Diaz* dealt with successive petitions under 28 U.S.C. § 2255—the habeas statute applicable to federal prisoners—section 2255 refers to the same procedure for a court of appeals to certify a second or successive petition. *See* 28 U.S.C. § 2255(h).

Nonetheless, a district court may entertain a second or successive petition for a claim "that was not presented in a prior application" if

> the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§2244(b)(2). Williams's Petition does not raise any factual issues related to his conviction. *Cf.* (Pet.). Williams argues the Supreme Court's decision in *Montgomery* entitles him to review. (Mem. of Law in Supp. of Pet. at 1). This argument is unavailing, however, because the "new rule of constitutional law" was announced in *Miller* in 2012, **not** in *Montgomery* in 2016. In construing similar language in a different context, the United States Supreme Court held that the operable date is the date the Supreme Court recognized the right, not the date the Supreme Court found the right retroactive. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Although *Dodd* discussed the statute of limitations period under § 2255, that statute uses language similar to applicable provision in § 2244. *Compare* 28 U.S.C. § 2255(f)(3) ("The limitation period shall run from the latest of . . . **the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review** . . . ." (emphasis added)), *with* § 2244(b)(2) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . the applicant shows that **the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,** that was previously unavailable . . . ." (emphasis added)). In other words, the holding in *Miller*, which is the case under which Williams

seeks relief, was not "previously unavailable" to Williams—it formed the basis of his previous federal habeas petition. *See generally Williams III*, 2015 WL 4569326.

Because dismissal of an untimely petition is a dismissal on the merits, and because *Montgomery* did not create a new rule of constitutional law, the Court concludes that Williams's petition is second or successive as prohibited by § 2244. Therefore, the Court recommends that the Petition be denied and the case dismissed because the Court lacks jurisdiction.[4]

## III.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Williams's claims any differently than they have been decided here. Williams has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Williams not be granted a COA in this matter.

---

[4]   Even if Williams's Petition was not second or successive, it is untimely as articulated in this Court's previous order. *See Williams III*, 2015 WL 4569326, at *3.

## IV.   RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Jason Ryan Williams's ("Williams") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

2.    Williams's Motion to Dismiss [Doc. No. 17] be **DENIED**; and

3.    This action be **DISMISSED WITH PREJUDICE**; and

4.    If this Report and Recommendation is adopted, a COA should not issue, and judgment should be entered accordingly.

Dated: June 22, 2017

                                          *s/Steven E. Rau*
                                          STEVEN E. RAU
                                          United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).