Jason Ryan Williams,                                    Civil No. 16-3868 (DWF/SER)

        Petitioner,

v.                                                            **ORDER ADOPTING REPORT**
                                                             **AND RECOMMENDATION**

Warden Eddie Miles,

        Respondent.

This matter is before the Court upon Petitioner Jason Ryan Williams's objections (Doc. No. 25) to Magistrate Judge Steven E. Rau's June 22, 2017 Report and Recommendation (Doc. No. 22) insofar as it recommends that: (1) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody be denied; (2) Petitioner's "Motion to Dismiss" be denied; (3) this action be dismissed with prejudice; and (4) if the Report and Recommendation is adopted, a Certificate of Appealability not be issued, and judgment be entered accordingly. Respondent Warden Miles filed a response on August 30, 2017. (Doc. No. 27.) Petitioner filed a response on September 11, 2017. (Doc. No. 28.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections. The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). In the Report and Recommendation, the Magistrate

Judge considered Petitioner's "motion to dismiss," wherein Petitioner asks the Court to "dismiss" the State's response to his Petition because the State failed to file a timely response to the Petition and "inadvertent error" does not constitute good cause. The Court agrees with the Magistrate Judge in that the Court has the inherent authority to set deadlines and that the Court acted within that authority in setting a deadline for the State to respond. In addition, Petitioner objects to the Magistrate Judge's recommendation that Petitioner's current (second) federal habeas petition be dismissed because the Court lacks jurisdiction. Petitioner argues that the Supreme Court's decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016), which held that *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that sentencing schemes mandating life in prison without possibility of parole for juvenile offenders are unconstitutional) announced "a substantive rule that is retroactive in cases on collateral review" constitutes a new rule of constitutional law that would make his second Petition timely. The Magistrate Judge rejected Petitioner's arguments and explained that the dismissal of Petitioner's first untimely petition was a dismissal on the merits, *Montgomery* did not create a new rule of constitutional law, and therefore Petitioner's petition does not meet an exception to the general prohibition against second or successive petitions. Finally, the Court notes that even if the petition was timely, the Court would still deny it, as Petitioner was sentenced to two consecutive life sentences (with release after 30 years) and there is no authority holding that *Miller* extends to the discretionary imposition of consecutive sentences.

After a careful *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court finds no reason that would warrant a departure from the Magistrate Judge's recommendation. Based on the Court's review, the Court hereby enters the following:

## ORDER

1.     Petitioner Jason Ryan Williams's objections (Doc. No. [25]) to Magistrate Judge Steven E. Rau's June 22, 2017 Report and Recommendation are **OVERRULED**.

2.     Magistrate Judge Steven E. Rau's June 22, 2017 Report and Recommendation (Doc. No. [22]) is **ADOPTED**.

3.     Jason Ryan Williams's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. [1]) is **DENIED**.

4.     Williams's Motion to Dismiss (Doc. No. [17]) is **DENIED**.

5.     This action is **DISMISSED WITH PREJUDICE**.

6.     No certificate of appealability is issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 20, 2017          s/Donovan W. Frank
                                                          DONOVAN W. FRANK
                                                          United States District Judge